# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| KEITH YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-403 RLW |
| ) | |
| UNITED FRUIT & PRODUCE CO., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint (ECF No. 8), filed by Defendants United Fruit & Produce Co., United Packaging & Vegetable Distribution (sued as "United Packaging"), and Ronmel Lopez (sued as "Rommel Lopez"). The Court refers to these parties collectively as "Defendants." Defendants move to dismiss Plaintiff's Complaint under Rules 8, 10, and 12(b)(6) of the Federal Rules of Civil Procedure. The self-represented Plaintiff, Keith Young, has not responded to the Motion to Dismiss and the time to do so has long passed. The Defendants' Motion to Dismiss will be granted, and the Court will allow Plaintiff the opportunity to submit an amended complaint. Defendants also filed a Motion to Strike Summons (ECF No. 10), to which Plaintiff has not responded. The Motion to Strike Summons will be denied without prejudice.

**Legal Standard**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the

speculative level . . . ." Id. at 555.  Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.  See Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  Legal conclusions must be supported by factual allegations to survive a motion to dismiss.  Id. at 679.  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Giving a self-represented party's complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel.  See McNeil v. United States, 508 U.S. 106, 113 (1993). Complaints filed by self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."  Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

**The Complaint**

Plaintiff filed this civil action in the Circuit Court of the City of St. Louis, Missouri, naming the following defendants: United Fruit & Produce Co. ("United Fruit"), United Packaging, Ronmel Lopez, Mary Rutledge, John Doe (identified as "Plaintiff's direct supervisor, or worker"), and Re Poly, LLC.[1]  Defendant United Fruit removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the basis that the Court has federal subject matter jurisdiction because Plaintiff's Civil Rights Complaint alleges federal claims against it under 42 U.S.C. §§ 1981, 1982, 1983, 1986, and 1986.

Plaintiff's Complaint is hand-written and consists of thirty-four pages, including exhibits. The Complaint includes a laundry list of state and federal statutes and rules it is allegedly brought pursuant to, but the vast majority of these appear to be irrelevant to the few facts Plaintiff alleges.  The Complaint's allegations are difficult to understand but the Court discerns that Plaintiff alleges he previously worked for "defendants."  (ECF No. 4 at 5.)  Plaintiff alleges at several places in the Complaint that he worked 50 to 56 hours per week, but the Defendants' records and his paycheck did not reflect the hours he worked and he was not paid overtime.  (See ECF No. 4 at 5-6, 7, 10.)  The Complaint lists the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as one of the statutes under which it is filed.  (ECF No. 4 at 4.)

The Complaint also alleges very generally that Plaintiff "charges defendant(s) with discrimination" based on Plaintiff's "race, gender or membership in protected group" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e, et seq. ("Title VII").  The Complaint itself does not appear to mention Plaintiff's race, but an EEOC Charge of

---

[1]The Complaint does not list Defendants Rutledge and Re Poly, LLC in the caption, as required by Rule 10(a) of the Federal Rules of Civil Procedure, but instead lists them only in the body of the Complaint.

3

Discrimination attached as an exhibit states that Plaintiff's race is Black.  (ECF No. 4 at 31.)  At several places in the Complaint, Plaintiff makes vague allegations that he was treated less favorably than Hispanic employees.  (Id. at 11, 13-15.)  Plaintiff alleges the Defendants did not allow him to apply for training programs, refused to refer Plaintiff "to be drivers, or other position," and failed to make Plaintiff a member of a labor organization or cover him under a collective bargaining agreement.  (ECF No. 4 at 15-16.)  Plaintiff alleges "the defendants" violated many of his constitutional and statutory rights, but he does not plead facts to explain how each defendant did so.  Plaintiff seeks various forms of money damages, punitive damages, and attorney's fees.

## Defendants' Motion to Dismiss

The Defendants move to dismiss Plaintiff's Complaint for three reasons.  First, they assert that the Complaint fails to comply with the requirements of Rule 10(b), Fed. R. Civ. P., which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Rule 10(b) also states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]"  The Defendants state that the Complaint contains section headings titled "General," "Ground(s) Fact(s): Res Litigiosae," (sic) and "Were Unjust Enrichment" (Sic), but it does not contain claims or counts, and only vague and general allegations follow each section heading.  Defendants argue that dismissal is proper under Rule 10(b) because they cannot tell how many claims or counts Plaintiff is asserting, and which facts he may be relying on to support any claim or count.

Second, Defendants move to dismiss the Complaint on the basis that it fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a short and plain

statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." Cody v. Loen, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam).  Defendants assert that the Complaint is neither concise nor direct, is vague as to the causes of action Plaintiff alleges, and fails to include the factual bases for Plaintiff's claims.

Finally, Defendants assert that the Complaint fails to allege facts sufficient to plead an action for employment discrimination in violation of Title VII.  Defendants assert that Plaintiff makes only vague references to discrimination, retaliation, or harassment, without any indication that the alleged misconduct was motivated by his membership in a protected group, and the Complaint fails to contain factual allegations sufficient to state a claim for discrimination.

## Discussion

The primary purpose of Rule 8 is to allow the Court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. Cody, 468 F. App'x at 645.  The complaint must be sufficiently clear so the Court or opposing party "is not required to keep sifting through it in search of what it is plaintiff asserts."  Id. (citing Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)).  Dismissal for violation of Rule 8(a) is appropriate where a complaint is so lengthy, disorganized, vague, or ambiguous as to be unintelligible.  See, e.g., Smith v. Republic Servs., Inc., 2017 WL 4038143, at *3 (E.D. Mo. Sept. 13, 2017) (dismissing complaint under Rule 12(b)(6), noting it violated Rule 8(a) because it did not contain numbered paragraphs, was "overly wordy with an incomprehensible pattern of capitalized and not capitalized words," and failed to clearly identify each defendant by name and articulate specific facts about that defendant's wrongful conduct).

Plaintiff's complaint is deficient and subject to dismissal because the Court cannot understand what claims Plaintiff asserts and whether any are valid.  The Complaint does not

5

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Plaintiff's Complaint contains numbered paragraphs, it is long, repetitive, and filled with irrelevant and extraneous information. Substantial portions of the Complaint are devoid of factual allegations. Instead, Plaintiff cites numerous unrelated statutes and court rules, recites many general statements of law that are unrelated to few factual allegations he makes, and makes legal arguments. This deficiency is compounded by Plaintiff's failure to set forth separate claims or counts, to identify his causes of action, and to identify which of the Defendants engaged in the conduct alleged, making it impossible for the Defendants to respond. Plaintiff's failure to comply with Rule 8(a) makes this action subject to dismissal.

Further, having thoroughly reviewed and liberally construed the merits of Plaintiff's Complaint, the Court finds Plaintiffs has failed to allege facts permitting the reasonable inference that the Defendants are liable for any misconduct. Plaintiff's allegations are nothing more than "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. See Iqbal, 556 U.S. at 678. Defendants' Motion to Dismiss will therefore be granted.

**Order to Amend**

Because Plaintiff is self-represented and has made some factual allegations that might support a cause of action, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. See E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. If the

amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Plaintiff must clearly name every party he is intending to sue. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. Plaintiff should fill out the Complaint form in its entirety.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim(s). See Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). Plaintiff should avoid making legal arguments in the Complaint.

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Plaintiff should only include claims that are related to each other. See Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. See Fed. R. Civ. P. 18(a).

In preparing his amended complaint, Plaintiff should begin by writing the first Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific Defendant. If Plaintiff is suing more than one Defendant, he should follow the same procedure for each Defendant. Plaintiff must allege facts showing how each separate Defendant harmed him. It is not enough for Plaintiff to make general allegations against the Defendants as a group, as he does in the original Complaint. Rather, Plaintiff needs to explain the role of each named Defendant in this case, so that each Defendant can receive notice of what they are accused of doing. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating

7

that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint.  See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  This means any claims that are not re-alleged in the amended complaint will be deemed abandoned, and any Defendant that is not listed by name in the case caption will be dismissed from the case

The Court strongly encourages Plaintiff to contact the Federal Legal Advice Clinic for possible assistance in this matter.  Appointments can be made for a free virtual 30-minute consultation online at www.bamsl.org/federalcourt, or by phone at 855-978-7070.  As of October 7, 2020, all meetings will be scheduled by Zoom platform with sessions available on Wednesdays from 10:00 a.m. to 12:00 p.m.

### Defendants' Motion to Strike Summons

Defendants also filed a Motion to Strike Summons, which states that Defendant Re Poly, LLC was improperly served with summons and complaint at the location of Defendant United Fruit, because Re Poly, LLC is not associated with either United Fruit or United Packaging.

The Motion to Strike does not state its procedural basis.  Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f), Fed. R. Civ. P. (emphasis added).  "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly."  2 James W. Moore, et al., Moore's

Federal Practice § 12.37[2] (3rd ed. 2018).  A summons is not a pleading.  See Rule 7(a), Fed. R. Civ. P. (identifying pleadings under the Federal Rules).

A Rule 12(b)(5) motion is the proper procedural vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint; for example, the absence of an agency relationship between the recipient of process and the defendant, as alleged in Defendants' Motion to Strike Summons.  See 5B C. Wright & A. Miller, Federal Practice and Procedure, § 1353 (3d ed.).  The Court therefore construes Defendants' Motion to Strike Summons as a motion to quash for insufficient service of process under Rule 12(b)(5).

The defense of insufficient service of process is personal.  Wright & Miller, *supra*, § 1353; Cheeks v. Belmar, 331 F.R.D. 499, 502 n.2 (E.D. Mo. 2019).  Defendants state they have no association with Defendant Re Poly, LLC.  As a result, the Defendants do not have standing to assert the defense of insufficient service of process on behalf of Re Poly, LLC.  See Cheeks, 331 F.R.D. at 502 n.2.  As a result, Defendants' Motion to Strike Summons, construed as a motion to quash for insufficient service of process under Rule 12(b)(5), will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint is **GRANTED**.  (ECF No. 8)

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Summons, construed as a Motion to Quash Service for Insufficient Service of Process, is **DENIED** without prejudice. (ECF No. 10)

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form by **November 9, 2020**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank form complaint for the filing of a non-prisoner civil rights action.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of October, 2020.