UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:20-CV-403 RLW |
| UNITED FRUIT & PRODUCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Keith Young's "Amended Complaint and Leave to File Supplemental Pleading and Request for Interlocutory Appeal" (ECF No. 16), and "Motion for Leave for File Extension of Time" (ECF No. 17) to file an amended complaint on a Court-provided form. Plaintiff's motion for extension of time to file an amended complaint on a Court-provided form will be granted. Plaintiff's Amended Complaint will be stricken and removed from the record because it was filed in violation of the Court's Orders. Plaintiff's request for interlocutory appeal is denied.

**Background**

By Memorandum and Order of October 7, 2020 (ECF No. 12), the Court granted the Defendants' Motion to Dismiss Plaintiff's Complaint but also granted Plaintiff until November 9, 2020, to file an Amended Complaint on a Court-provided form. This Court must liberally construe complaints filed by laypeople such as Plaintiff. Estelle v. Gamble, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (quoted case

omitted). However, even complaints filed by laypeople must allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004), nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Although the Court liberally construed Plaintiff's Complaint, it could not understand what claims Plaintiff asserted or whether any were valid. (ECF No. 12 at 5.) Among other things, the Court identified these problems with Plaintiff's Complaint:

> Plaintiff's Complaint ... is long, repetitive, and filled with irrelevant and extraneous information. Substantial portions of the Complaint are devoid of factual allegations. Instead, Plaintiff cites numerous unrelated statutes and court rules, recites many general statements of law that are unrelated to few factual allegations he makes, and makes legal arguments. This deficiency is compounded by Plaintiff's failure to set forth separate claims or counts, to identify his causes of action, and to identify which of the Defendants engaged in the conduct alleged, making it impossible for the Defendants to respond.

(Id. at 6.) The Court gave Plaintiff specific instructions and guidance as to how to prepare an Amended Complaint, including that he should "provide a short and plain statement of the factual allegations supporting his claim(s). See Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be 'limited as far as practicable to a single set of circumstances.' See Fed. R. Civ. P. 10(b). Plaintiff should avoid making legal arguments in the Complaint." (ECF No. 12 at 7.)

The Court ordered that Plaintiff's Amended Complaint be filed on a Court-provided form by November 9, 2020, which was 33 days later. (Id. at 9.) The Court directed the Clerk to send Plaintiff a blank form complaint for the filing of a non-prisoner civil rights action.[1]

---

[1] The Court "strongly encourage[d] Plaintiff to contact the Federal Legal Advice Clinic for possible assistance in this matter. Appointments can be made for a free virtual 30-minute consultation

2

On November 9, 2020, the day the Amended Complaint was due, Plaintiff filed a motion for additional time to file an amended complaint and asked for an extension of time until November 26, 2020. (ECF No. 13.) The Court granted Plaintiff's motion the next day and ordered him to file an Amended Complaint on the Court-provided form "in accordance with the Court's guidance and instructions in the Memorandum and Order of October 7, 2020, by Monday, November 30, 2020." (ECF No. 15 at 3.) This Order gave Plaintiff an extension of 20 days, four more days than Plaintiff had asked for, and again encouraged Plaintiff to contact the Federal Legal Advice Clinic for possible assistance.

**Discussion**

A. Plaintiff's Motion for Extension of Time

Plaintiff's motion for extension of time, filed December 2, 2020, states that "the district court did not provide him sufficient time to comply with its order to submit documents, he was given 20 days in which to comply and an additional three (3) weeks will be sufficient since the documents are presently being prepared." (ECF 17 at 2.)

The Court will grant Plaintiff's motion and order him to file an Amended Complaint on the Court-provided form in accordance with the Court's guidance and instructions in the Memorandum and Order of October 7, 2020, by **January 4, 2021**, approximately four weeks from now.

B. Plaintiff's Amended Complaint

Also on December 2, 2020, Plaintiff filed a document titled "Amended Complaint and Leave to File Supplemental Pleading and Request for Interlocutory Appeal." (ECF No. 16.) To the extent this document is an Amended Complaint, it was not filed on Court-provided form

---

online at www.bamsl.org/federalcourt, or by phone at 855-978-7070. As of October 7, 2020, all meetings will be scheduled by Zoom platform with sessions available on Wednesdays from 10:00 a.m. to 12:00 p.m." (ECF No. 12 at 8.)

3

and does not comply with any of the Court's instructions and guidance. Among other things, it does not contain factual allegations, does not set forth separate claims or counts, and does not identify how any of the Defendants listed in the case caption harmed Plaintiff. Instead, Plaintiff claims in it that "retroactive application of federal court rules on otherwise permissible state court pleadings has created real unfairness" and "contends that he should not be required to comply with the District Court's pleadings requirement to his State Court pleadings." (Id. at 2, 3.) Plaintiff argues he has been sanctioned by the imposition of federal pleading standards on his complaint filed originally in state court.

Plaintiff also asserts that his first complaint alleged a sufficient case of intentional denial of equal protection, of "color of state law deprivation of civil rights under sec. 1983," and "state action violated 14th Amend. that defendants [sic] conduct was motivated by racial or perhaps otherwise class-based involved discriminatory animus and were the 'meetings of the mind,' essential element of cause under 1985(3)." (Id. at 3.)

Plaintiff's assertions that federal pleadings standards do not apply to his Complaint, and that he is being sanctioned by the Court's application of federal pleading standards to his Complaint, are wrong. Federal courts "apply federal pleading standards–Rules 8 and 12(b)(6)–to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). See Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure apply to civil actions removed from state court); see also Christiansen v. West Branch Cmty. Sch. Dist., 674 F.3d 927, 938 39 (8th Cir. 2012) (applying federal pleading standard to claims removed to federal district court).

Plaintiff's assertion that his first Complaint sufficiently stated legal claims is without merit for the reasons stated in the Court's Memorandum and Order of October 7, 2020, that dismissed

4

Plaintiff's Complaint. As stated above, even complaints filed by laypeople must allege facts which, if true, state a claim for relief as a matter of law. Martin, 623 F.2d at 1286. Plaintiff's Complaint did not allege facts that stated a claim for relief as a matter of law. The Court will not assume facts that are not alleged, Stone, 364 F.3d at 914-15, or interpret procedural rules to excuse mistakes by Plaintiff because he does not have counsel. See McNeil, 508 U.S. at 113.

The Amended Complaint will be stricken from the record because it was not filed on a Court-provided form as ordered, and it does not state a claim upon which relief can be granted. The Clerk of the Court will be directed to remove this filing from the record and return it to Plaintiff.

C. Plaintiff's Request for Interlocutory Appeal

Plaintiff asks for permission to file an appeal of this Court's Orders. Pursuant to 28 U.S.C. § 1292(b), immediate appellate review of interlocutory orders that are not otherwise appealable may be had under limited circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.
> . . . .

28 U.S.C. § 1292(b). Plaintiff "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Id. at 377 (internal quotations omitted).

Here, the Court's dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted under federal pleading standards was correct, and its decision to

5

permit Plaintiff to file an amended complaint works is a matter within the Court's discretion and works in Plaintiff's favor. Plaintiff does not show that any of the three criteria for certification of an interlocutory appeal are met, and his request is denied.

D.   <u>Filing Requirements for Self-Represented ("Pro-Se") Parties</u>

In addition to the requirement that he allege facts sufficient to state a claim as a matter of law, <u>Martin</u>, 623 F.2d at 1286, Plaintiff is advised that his self-represented status does not excuse him from his obligations to comply with Court Orders, the Court's Local Rules, and the Federal Rules of Civil Procedure. See <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); <u>Bunch v. Univ. of Ark. Bd. of Trustees</u>, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant [does] not excuse [him] from following the local rules."). The Court's Local Rules and other resources for self-represented litigants, including a link to the Federal Rules of Civil Procedure, are available on the Eastern District of Missouri's website, www.moed.uscourts.gov.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Leave for File Extension of Time" (ECF No. 17) to file an amended complaint on a Court-provided form is **GRANTED**. Plaintiff shall file an Amended Complaint on the Court-provided form, in accordance with the Court's guidance and instructions in the Memorandum and Order of October 7, 2020, by **Monday, January 4, 2021**.

**IT IS FURTHER ORDERED** that Plaintiff's "Amended Complaint and Leave to File Supplemental Pleading and Request for Interlocutory Appeal" (ECF No. 16) is **STRICKEN** from the record for failure to comply with the Court's Orders, and the Clerk shall remove it from the record and return it to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Interlocutory Appeal (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that any future amended complaint must be on a Court-provided form, or the filing will be returned to Plaintiff and may result in the dismissal of this case with prejudice for failure to comply with the Court's Orders.

The Clerk is directed to send Plaintiff another blank form complaint for the filing of a non-prisoner civil rights action.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of December, 2020.